UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| STEVEN ORTIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:15-cv-04019-SLD-JEH |
| STATE OF ILLINOIS, DEPARTMENT OF ) | |
| EMPLOYMENT SECURITY, BY ) | |
| DIRECTOR JAY ROWELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

Before the Court is Defendant State of Illinois Department of Employment Security, by Director Jay Rowell's ("the IDES") motion to dismiss Count II of the Complaint, ECF No. 2. For the following reasons, the motion is GRANTED.

On January 22, 2015, Ortiz filed a lawsuit in the Fourteenth Judicial Circuit of Illinois, Rock Island County, alleging that he had been discriminated against by the IDES when it terminated him because (I) he has non-Hodgkin's lymphoma, pursuant to the Americans with Disabilities Act ("the ADA"), 42 U.S.C. §§ 12101–12213, and (II) because of his sex, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. Compl. 2–5, Not. Removal, ECF No. 1-3. He attached to the complaint a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), granting him suit rights on his ADA claim, but not mentioning the Title VII claim. Compl. Ex. 2, ECF No. 1-3. On February 27, 2015, the IDES filed a Notice of Removal in this Court, ECF No. 1. It then moved to dismiss Count II of

1

Ortiz's original complaint because Ortiz had not provided a right to sue letter pertaining to his Title VII claim. Ortiz did not respond to this motion.

As an initial matter, when a party does not file a response within 14 days, the presiding judge presumes there in no opposition to the motion. L. R. 7.1(B)(2). However, the Court will briefly address the merits of Plaintiff's motion.

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

In order to bring a claim under Title VII, a plaintiff must begin by filing a charge within 300 days of the complained-of employment action, and at least sixty days after having filed a claim with his state's equal opportunity employment agency (in Illinois, the Illinois Department of Human Rights, "IDHR"). *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). He must then wait before filing suit until he receives a "right to sue" letter from the EEOC indicating that it does not intend to bring suit itself, which letter must issue within 180 days of the EEOC's receipt of the charge. *Id.* Although filing a charge with the EEOC is not a jurisdictional prerequisite, it is a prerequisite nonetheless, unless the failure of a litigant to receive a right-to-sue letter is attributable to the EEOC's own error. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 128–29 (7th Cir. 1989). *See also Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985) ("[T]he requirement that the scope of the EEOC charge limit the scope of the subsequent complaint is in the nature of a condition precedent with which litigants must comply rather than constituting a component of subject matter jurisdiction.").

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). She can bring claims "reasonably related" to those in her EEOC charge but they "'must, at minimum, describe the *same conduct* and implicate the *same individuals*.'" *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013) (quoting *Cheek*, 31 F.3d at 501). "When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." *Id.* at 503. To allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Id.* at 500.

Not only has Ortiz not pleaded facts sufficient for the Court to infer that he did not bring his sex discrimination charges before the EEOC initially, he has included a right-to-sue letter from the EEOC that mentions only his ADA claim. Ortiz pleads that he "previously filed his charge of discrimination and has received his Right to Sue letter," Compl. ¶ 16, but the letter includes only the statement that "[Ortiz has] the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990." EEOC Letter, Compl. Ex 2. Ortiz pleads no other facts raising even the slightest inference that he has previously brought his sex discrimination claims before the EEOC. In the absence of such pleaded facts, and in the presence of a letter conspicuously granting suit rights only as to ADA claims, and in the absence of any other information of Ortiz's claims previously brought before the EEOC, Ortiz has not pleaded sufficient facts to support a sex discrimination claim. Count II of Ortiz's original complaint does not state a claim upon which relief could be granted.

Accordingly, Count II of Plaintiff's Complaint, ECF No. 1-3, is DISMISSED WITHOUT PREJUDICE.

Entered this 30th day of March, 2016.

                                                            s/ Sara Darrow
                                                            SARA DARROW
                                           UNITED STATES DISTRICT JUDGE